# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ARNOLD J. HARRIS,** : | |
| **Plaintiff** : | |
| : | No. 1:18-cv-00214 |
| v. : | |
| : | (Judge Kane) |
| **R. A. HANNON, et al.,** : | |
| **Defendants** : | |

## MEMORANDUM

Before the Court is <u>pro se</u> Plaintiff Arnold J. Harris' amended complaint filed pursuant to 42 U.S.C. § 1983 (Doc. No. 8), and motion to proceed <u>in forma pauperis</u> (Doc. No. 2). Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), the Court will grant Plaintiff's motion for leave to proceed <u>in forma pauperis</u>, screen the amended complaint, and dismiss the amended complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.   BACKGROUND

On January 31, 2018, Plaintiff, an inmate at the State Correctional Institution at Huntingdon, Pennsylvania ("SCI-Huntingdon"), filed the instant action under 42 U.S.C. § 1983, naming as Defendants R. A. Hannon ("Hannon") and S. Ellenberger ("Ellenberger"), employees at SCI-Huntingdon. (Doc. No. 1.) On February 12, 2018, Plaintiff filed an amended complaint naming the same parties as Defendants. (Doc. No. 8.)

Plaintiff alleges that on December 14, 2017, after a block-wide search of inmate cells for contraband, Plaintiff was issued a misconduct for five altered/destroyed bed sheets in a cell he shared with another cellmate. (<u>Id.</u> at 4.) Plaintiff maintains that Hannon falsified the misconduct by stating that he "observed five (5) unmarked and altered bed sheets and inmate Harris claimed ownership of those sheets." (<u>Id.</u>) Plaintiff pled not guilty to the charges during his disciplinary

1

hearing before Ellenberger. (Id.) Ellenberger found Plaintiff guilty of the charges and assessed Plaintiff $35.00 for the five damaged bed sheets. (Id.)

Plaintiff alleges that he appealed Ellenberger's decision on December 26, 2017 to the Prison Review Committee ("PRC"). (Id. at 5.) On January 10, 2018, Plaintiff received the PRC's denial of his appeal. (Id.) Plaintiff avers that he then appealed the PRC's decision to the Facility Manager, and his appeal was denied as meritless on January 24, 2018. (Id.) Plaintiff alleges that he appealed the Facility Manager's decision to the Chief Hearing Examiner on January 25, 2018. (Id.) Plaintiff avers that he is "currently waiting on [a] response from [the] Chief Hearing Examiner which will probably side with the Dep[artment] of Correction[s], as usual, and find the Plaintiff 'guilty.'" (Id. at 6.)

Plaintiff asserts a First Amendment claim against Hannon for allegedly lying in issuing him a misconduct, and an Eighth Amendment claim against Ellenberger for denying Plaintiff due process during his disciplinary hearing and assessing Plaintiff with a $35.00 fee. (Id.)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with

2

respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See Iqbal, 556 U.S. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the court must not

accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the context of pro se prisoner litigation specifically, a district court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S. at 106) (internal quotation marks omitted).

## III. DISCUSSION

The PLRA "mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit." See 42 U.S.C. § 1997(e)(a); Jones v. Bock, 549 U.S. 199 (2007). Section 1997(e) provides, in relevant part "[n]o action shall be brought with respect to prison conditions under section 1983 of the Revised Statutes of the United States, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997(e).

4

The Supreme Court has explicitly provided that all prisoners must exhaust their administrative remedies as to any claim that arises in the prison setting, regardless of the kind of relief sought. See Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, the exhaustion of available administrative remedies is required before filing a civil rights action under § 1983. See Perazzo v. Fisher, Civ. No. 11-1505, 2012 WL 1964419 (M.D. Pa. May 31, 2012) (citing 42 U.S.C. § 1997(e)(a)); Jones v. Lorady, Civ. No. 11-666, 2011 WL 2461982 (M.D. Pa. June 17, 2011) (dismissing prisoner complaint sua sponte for failure to exhaust administrative remedies prior to initiating federal action). "[I]t is beyond the power . . . of any [court] to excuse compliance with the exhaustion requirement" of § 1997(e). Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000); see also Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004).

While the exhaustion requirement is an affirmative defense that must be pleaded and proven by the defendants, and while a prisoner need not allege that he has exhausted his administrative remedies, Jones, 549 U.S. at 216, the Court may sua sponte dismiss an action where the Plaintiff's failure to exhaust is clear on the face of the complaint. McPherson v. United States, 392 F. App'x 938 (3d Cir. 2010); Ray v. Kertes, 285 F.3d 287, 293 n.5 (3d Cir. 2002); see also Booth v. Churner, 2016 F.3d 289 (3d Cir. 2000) (affirming sua sponte dismissal where prisoner plaintiff conceded that he did not exhaust administrative remedies); Perazzo, 2012 WL 1964419, at *1 (dismissing case sua sponte for failure to exhaust administrative remedies where plaintiff indicated in the complaint that the grievance process was not complete but was at the "last stage").

Here, Plaintiff admits on the face of his complaint that he did not exhaust his administrative remedies prior to filing the instant action. Specifically, Plaintiff alleges that he is "currently waiting on [a] response from [the] Chief Hearing Examiner[,] which will probably

5

side with the "Dep[artment] of Correction[s], as usual, and find the Plaintiff 'guilty.'" (Doc. No. 8 ¶ 21.) Because the PLRA requires exhaustion prior to the initiation of Plaintiff's claims in federal court and because this Court cannot excuse compliance with those requirements, <u>sua sponte</u> dismissal of this action is appropriate.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to proceed <u>in forma pauperis</u> (Doc. No. 2), will be granted and Plaintiff's amended complaint (Doc. No. 8), will be dismissed without prejudice. An appropriate Order follows.